United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 14-10699-amc
Kenneth Carl Haas, Jr.                                                    Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 2              Date Rcvd: Aug 09, 2019
                              Form ID: 3180W           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 11, 2019.
```
db           +Kenneth Carl Haas, Jr.,    2328 Heather Lane,    Gilbertsville, PA 19525-9792
smg          +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
               Allentown, PA 18101-1603
smg           City Treasurer,   Eighth and Washington Streets,    Reading, PA 19601
smg          +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg          +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg          +Tax Claim Bureau,   633 Court Street,    Second Floor,    Reading, PA 19601-4300
13407214     +Fritch, Inc.,   c/o John S. Harrison, Esq,    38 West Market Street,    Bethlehem, PA 18018-5703
14003631    #+George M. Lutz, Esquire,    Hartman, Valeriano, Magovern & Lutz, P.C,    1100 Berkshire Blvd,
               Suite 301,    Wyomissing, PA 19610-1292
13386251     +George M. Lutz, Esquire,    Case, DiGiamberardino & Lutz, P.C.,    845 North Park Road, Suite 101,
               Wyomissing, PA 19610-1342
13351807      JPMorgan Chase Bank, N.A.,    Chase Records Center,    Attn: Correspondence Mail,
               700 Kansas Lane, Monroe, LA 71203
13324253    ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
             (address filed with court: Nationstar Mortgage LLC,    Attn: Bankruptcy Department,
               P.O. Box 630267,   Irving, TX 75063)
13242399      Nissan Motor Acceptance Corporation,    PO Box 660366 Dallas TX 75266-0366
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 10 2019 04:00:29
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 10 2019 04:01:42     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13330936      EDI: BECKLEE.COM Aug 10 2019 07:28:00     American Express Centurion Bank,
               c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
13241511     +EDI: ACCE.COM Aug 10 2019 07:28:00     Asset Acceptance LLC,    Po Box 2036,
               Warren MI 48090-2036
13234458      EDI: IRS.COM Aug 10 2019 07:28:00     Internal Revenue Service,    P.O. Box 7346,
               Philadelphia, PA 19101-7346
13294442      EDI: PRA.COM Aug 10 2019 07:28:00     Portfolio Recovery Associates, LLC,    POB 41067,
               Norfolk VA 23541
                                                                                               TOTAL: 6
```

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 8, 2019 at the address(es) listed below:
```
              ANDREW   SPIVACK    on behalf of Creditor    NATIONSTAR MORTGAGE LLC paeb@fedphe.com
              GEORGE M. LUTZ    on behalf of Debtor Kenneth Carl Haas, Jr. glutz@hvmllaw.com,
               amerkey@hvmllaw.com;r49419@notify.bestcase.com
              JEROME B. BLANK    on behalf of Creditor    JP Morgan Chase Bank, National Association
               paeb@fedphe.com
```

```
District/off: 0313-4          User: admin              Page 2 of 2              Date Rcvd: Aug 09, 2019
                              Form ID: 3180W           Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          JEROME B. BLANK   on behalf of Creditor    JPMorgan Chase Bank, National Association paeb@fedphe.com
          JOSEPH ANGEO DESSOYE   on behalf of Creditor    NATIONSTAR MORTGAGE LLC paeb@fedphe.com
          KEVIN S. FRANKEL   on behalf of Creditor    NATIONSTAR MORTGAGE LLC pa-bk@logs.com
          LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER   on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
          THOMAS YOUNG.HAE SONG   on behalf of Creditor    JPMorgan Chase Bank, National Association paeb@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD CRAIG   on behalf of Creditor    Nissan Motor Acceptance Corporation ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com

          TOTAL: 12

Case 14-10699-amc    Doc 85    Filed 08/11/19    Entered 08/12/19 00:43:41    Desc Imaged
Certificate of Notice    Page 2 of 4

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Kenneth Carl Haas Jr.** | Social Security number or ITIN   **xxx–xx–3444** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–10699–amc** | |

## Order of Discharge                                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Kenneth Carl Haas Jr.

8/8/19                                                                      **By the court:**    <u>Ashely M. Chan</u>
                                                                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**